**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CARROLL B.,

                              Plaintiff,

                                                                    1:19-CV-686

      v.                                                                     (DJS)

COMM'R OF SOC. SEC.,

                              Defendant.
_____

**APPEARANCES:**                               **OF COUNSEL:**

DENNIS KENNEY LAW               JOSEPHINE GOTTESMAN,
Counsel for Plaintiff                    ESQ.
288 North Plank Road
Newburgh, NY 12550

U.S. SOCIAL SECURITY ADMIN.     LOUIS J. GEORGE, ESQ.
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER[1]

      Currently before the Court, in this Social Security action filed by Plaintiff Carroll B. against the Commissioner of Social Security, are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 9 & 12.

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 7 & General Order 18.

- 1 -

For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion for Judgment on the Pleadings is denied. The Commissioner's decision finding Plaintiff not disabled from June 21, 2018 through the date of his decision is vacated, and the matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on September 1, 1970, making him 47 years old at the alleged onset date ("AOD") of June 21, 2018 and 48 at the date of the ALJ's decision. Dkt. No. 8, Admin. Tr. ("Tr."), pp. 45, 166. Plaintiff reported completing two years of college. Tr. at pp. 47-48. He has past work as a bus driver, a military crew chief, a limo driver, a tax assistant, and as a truck driver. Tr. at p. 198. Plaintiff alleged disability due to back injury, back stimulation implant, and lumbar degenerative disc disease. Tr. at p. 197.

### B. Procedural History

Plaintiff applied for Disability Insurance Benefits in July of 2018. Tr. at pp. 166-169. His application was denied. Tr. at p. 105. Plaintiff requested a hearing, and a hearing was held on January 2, 2019 before Administrative Law Judge ("ALJ") Asad M. Ba-Yunus at which Plaintiff was accompanied by a representative and testified. Tr. at pp. 37-95. The ALJ issued a determination on January 29, 2019, finding Plaintiff not disabled from the AOD through the date of his decision. Tr. at pp. 10-19. Plaintiff requested review of the ALJ's determination, and the Appeals Council denied the request for review on April 9, 2019. Tr. at pp. 1-6. Plaintiff filed his Complaint in this action on June 7, 2019. Dkt. No. 1.

### C. The ALJ's Decision

In his decision, the ALJ made a number of findings of fact and conclusions of law. First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2022. Tr. at p. 12. Second, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 21, 2018, the AOD. *Id.* Third, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine (status post laminectomy and spinal cord stimulator implantation) and migraine headaches. Tr. at pp. 12-14. Fourth, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 14-15. Fifth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 404.1567(b) except that he can only frequently balance and can only occasionally stoop, kneel, crouch, crawl, or climb ladders, ropes, scaffolds, ramps, and stairs." Tr. at pp. 15-18. Sixth, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. at p. 18. The ALJ found that Plaintiff was born on September 1, 1970, and was 47 years old, which is defined as a younger individual age 18-49 on the alleged disability onset date, and that he has at least a high school education and is able to communicate in English. *Id.* The ALJ found that transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding Plaintiff is "not disabled," whether or not he has transferable job skills. Tr. at p. 19. The ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are

jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. at pp. 18-19.  Seventh, and last, the ALJ concluded that Plaintiff has not been under a disability from June 21, 2018, through the date of his decision.  Tr. at p. 19.

### D. The Parties' Briefings on Their Cross-Motions

In his Motion for Judgment on the Pleadings, Plaintiff contends that the ALJ failed to fulfill his duty to develop the medical record.  Dkt. No. 9, Pl.'s Mem. Of Law, pp. 16-20.  He argues that the ALJ erroneously dismissed most of the opinions in the record, which then necessitated that he obtain additional evidence, particularly regarding Plaintiff's headaches.  *Id.*  He argues that the ALJ improperly gave weight to a non-examining agency consultant, and failed to ask Plaintiff sufficient follow up questions regarding his conditions at the hearing.  *Id.*  Plaintiff also argues that the RFC does not account for all of his impairments, including his mental health impairments, headaches, and musculoskeletal pain, and that there is no evidence in the record indicating that Plaintiff can perform light work.  *Id.* at pp. 20-23.  Plaintiff also contends that the ALJ misstates the record numerous times in finding he does not have certain limitations.  *Id.* at pp. 21-22.

In response, Defendant contends that the ALJ properly weighed the medical opinions; he argues the ALJ was not required to give any special weight to Plaintiff's treating sources, and sufficiently explained the weight he assigned to the opinions.  Dkt. No. 12, Def.'s Mem. of Law, pp. 4-13.  He argues that the ALJ had enough information to make his determination, and that any inaccurate recitation of the record by the ALJ would not affect the outcome.  *Id.*  Defendant argues that the RFC accounted for

Plaintiff's headaches and musculoskeletal pain; he argues that the jobs the ALJ determined Plaintiff could perform are simple, routine tasks, and the VE testified that Plaintiff could perform sedentary jobs with the same RFC as well. *Id.* at pp. 13-20.

## II.  RELEVANT LEGAL STANDARD

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an

>impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

### A. The Opinion Evidence

Plaintiff argues that the ALJ failed to sufficiently develop the record in this case. Pl.'s Mem. of Law at pp. 16-20. He argues that the ALJ had a duty to request additional information because he rejected the opinions contained within his medical records from the VA. *Id.* at p. 17. He contends that it was error to give the agency consultant's opinion great weight because he did not examine Plaintiff, and because his opinion is conclusory and fails to provide sufficient explanation. *Id.* at pp. 17-18. Plaintiff argues that his headaches would cause him to be off task an impermissible amount, and that the ALJ had no opinion regarding this on which to base his decision. *Id.* at p. 18. Finally, Plaintiff contends that the ALJ should have asked Plaintiff more questions at the hearing regarding his headaches, and how long or how frequently he can walk. *Id.* at pp. 18-20.

"It is well settled that an ALJ has an affirmative duty to develop the record." *Stratton v. Colvin*, 51 F. Supp. 3d 212, 217 (N.D.N.Y. 2014) (citing *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). In this regard, the applicable regulations indicate that the Social Security Administration will obtain additional information when insufficient information to make a disability determination is available. 20 C.F.R. § 404.1512(b). This does not, however, impose "a limitless duty to develop the record on Plaintiff's behalf." *Rodda v. Colvin*, 2013 WL 6839576, at *5 (N.D.N.Y. Dec. 27, 2013). In a case "where there are no 'obvious gaps' in the record, the ALJ is not required to seek additional information." *Gillard v. Colvin*, 2013 WL 954909, at *2 (N.D.N.Y. Mar. 12, 2013) (citing *Rosa v. Callahan,* 168 F.3d 72, 79 n. 5 (2d Cir. 1999)). In addition, an ALJ may rely on the opinion of a non-examining agency consultant in certain circumstances. *See Kelley S. v. Comm'r of Soc. Sec.*, 2019 WL 529909, at *7 (N.D.N.Y. Feb. 11, 2019) (citing *Frey ex rel. A.O. Astrue*, 485 Fed. Appx. 484, 487 (2d Cir. 2012)).

The ALJ found the assessments in the records from Plaintiff's VA treatment to be unpersuasive in part because the subsequent spinal cord stimulator implant significantly reduced Plaintiff's pain. Tr. at p. 17. That is accurate: these records are in large part from before Plaintiff's stimulator implant, which did have a significant effect on Plaintiff's back pain.

The ALJ then relied upon the opinion of the non-examining agency consultant from the initial determination level, Dr. Miller. *Id.* The ALJ found this opinion persuasive, because the assessment was "consistent with and supported by the record"

because "[a]lthough the claimant indicated that he was still suffering from occasional migraines after his spinal cord stimulator implant, his lower back and leg pain were significantly reduced by the implant." *Id.* The Court finds reliance on this opinion troublesome. The limited narrative section in which Dr. Miller provides an explanation mostly details evidence from before Plaintiff's stimulator implantation surgery. Tr. at pp. 101-102. As far as considering records from after the surgery, Dr. Miller describes that Plaintiff got the surgery, describes records from a follow up appointment two weeks after, and then describes Plaintiff's health at an appointment a month prior to Plaintiff's surgery. *Id.* The only other piece of evidence he considered from after Plaintiff's surgery is a headache questionnaire from one month after the surgery, which notes that Plaintiff was not taking prescription medication and received some relief from Tylenol. *Id.* This does not provide a particularly helpful analysis of Plaintiff's health after the implantation. Contrary to the record Dr. Miller reviewed one month after the surgery, Plaintiff's medical records in the following months indicate that his headaches were worsening and that he was not getting relief from over the counter medications. *See* Tr. at pp. 333, 337, 343-344, & 348.

The ALJ's decision to discount the opinions in the record predating Plaintiff's surgery is well founded. However, the Court finds problematic the ALJ's reliance on an opinion made by a non-examining source, less than five weeks after this surgery which the ALJ found to be significant. Indeed, according to Dr. Miller, his opinion was made while Plaintiff was "currently recovering from back surgery." Tr. at p. 102. As such, the Court finds the ALJ's sole reliance on this opinion was improper.

On remand, the ALJ may find that there are gaps in the opinion evidence which require further development of the record, as Plaintiff suggests, particularly as to Plaintiff's functional capacity following surgery. As such, the ALJ should consider whether additional evidence may need to be obtained.

### B. The RFC

Plaintiff also argues that the RFC does not account for all of his impairments. Pl.'s Mem. of Law at pp. 20-23. The ALJ's reevaluation of the opinion evidence on remand may alter the RFC; as such, the Court declines to consider these arguments, and recommends that the ALJ consider them in making a determination on remand.

### IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED**, that Defendant's decision finding Plaintiff not disabled is **VACATED** and **REMANDED** pursuant to Section Four of section 405(g) for further proceedings; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated: July 16, 2020
       Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge